UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ILAYDA OZSAN,

    Plaintiff,

v.                                              Case No: 8:20-cv-1284-T-36JSS

RAINTREE VILLAGE
CONDOMINIUM NO. 13
ASSOCIATION INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Strike Affirmative Defenses ("Motion") and Defendant's Response to the Motion. (Dkts. 13, 21.) Upon consideration and for the reasons set forth below, the Motion is denied.

## BACKGROUND

In this action, Plaintiff Ilayda Ozsan ("Plaintiff") brings claims against Defendant, Raintree Village Condominium No. 13 Association Inc. ("Defendant") pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601–3621 ("FHA"). (Dkt. 7.) Plaintiff alleges that Defendant unlawfully denied her reasonable request for an accommodation relating to a disability. (Dkt. 7 ¶¶ 44–52.) Specifically, Plaintiff alleges that she suffers from severe anxiety and depression that substantially limits one or more of her major life activities. (Dkt. 7 ¶¶ 10, 38.) Accordingly, Plaintiff contends that she has an emotional support animal, a dog named Eva. (Dkt. 7 ¶ 11.) Because

Eva exceeds the weight limitations for dogs set by Defendant for Plaintiff's residence, Plaintiff provided Defendant with a letter from her psychiatrist explaining Plaintiff's need to reside with her emotional support animal. (Dkt. 7 ¶¶ 13–15.) Plaintiff alleges that she requested that Defendant waive the weight limitations to enable her to live with Eva. (Dkt. 7 ¶ 41.) According to Plaintiff, Defendant unlawfully refused Plaintiff's reasonable request, prompting this lawsuit. (Dkt. 7 ¶¶ 41–52.)

Plaintiff commenced this action by filing a Complaint, followed by an Amended Complaint. (Dkts. 1, 7.) Defendant answered the Amended Complaint and asserted six affirmative defenses. (Dkt. 11.) Defendant further expressly reserved "the right to assert additional affirmative defenses as they become known." (Dkt. 11 at 5.) Thereafter, Plaintiff filed the instant Motion to strike all of Defendant's affirmative defenses. (Dkt. 13.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8 sets forth the general rules for pleadings, including defenses. Fed. R. Civ. P. 8; *see also Carrero v. Citimortgage, Inc.*, No. 8:15-cv-2915-T-33EAJ, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016) ("Affirmative defenses are subject to the general pleading requirements of Rule 8."). The broad goal of Rule 8 is to provide "fair notice" of "what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Acosta v. United Rentals (N. Am.), Inc.*, No. 8:12–cv–01530–EAK–TGW, 2013 WL 869520, at *7 (M.D. Fla. Mar. 7, 2013) (explaining that the "liberal

pleading standard of the Federal Rules of Civil Procedure is designed primarily for notice").

Notably, a pleading that states a claim for relief must meet a heightened standard of plausibility to survive a motion to dismiss. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To meet the plausibility standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In contrast, however, in responding to a pleading, a party must simply "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). Similarly, Rule 8(c) only requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

The question of whether the heightened pleading requirements of *Twombly* and *Iqbal* apply to defenses is unresolved in the Eleventh Circuit. *See Hamblen v. Davol, Inc.*, No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *2 (M.D. Fla. Mar. 27, 2018); *EEOC v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012). Relying primarily on the plain language of Rule 8, the majority of courts hold that *Twombly* and *Iqbal* do not apply to defenses. *Hamblen*, 2018 WL 1493251, at *3; *Joe Ryan Enterprises*, 281 F.R.D. at 662–63; *see also Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-ORL-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 19, 2015) (collecting cases from the Middle District of Florida). Thus, in the majority view, a defendant "must simply give the plaintiff 'fair notice' of the nature of each defense and

the grounds upon which it rests." *Jirau v. Camden Dev., Inc.*, No. 8:11–cv–73–T–33MAP, 2011 WL 2981818, at *1 (M.D. Fla. July 22, 2011); *cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When a court evaluates a motion to strike, "the court 'must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.'" *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-ORL-37, 2013 WL 5970721, at *1 (M.D. Fla. Nov. 8, 2013) (quoting *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-cv-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999)). Motions to strike are considered a "drastic remedy" and are "generally disfavored by the courts." *Desilva v. SunTrust Bank*, No. 8:15-cv-1045-T-24, 2015 WL 5638073, at *1 (M.D. Fla. Sept. 23, 2015); *see Systematic Home Staging, LLC v. MHM Prof'l Staging, LLC*, No. 6:17-cv-1327-ORL-41TBS, 2017 WL 4681025, at *1 (M.D. Fla. Oct. 18, 2017) ("Motions to strike are generally disfavored and often considered time wasters.") (punctuation and citation omitted); *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015). Therefore, "'[a]n affirmative defense will only be stricken if the defense is insufficient as a matter of law. A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.

To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.'" *Desilva*, 2015 WL 5638073, at *1 (quoting *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012)). Thus, only an affirmative defense that has no possible relation to the controversy and may cause prejudice to one of the parties may be stricken. *Nobles*, 2015 WL 5098877, at *1.

## ANALYSIS

In its first, second, third, and fifth affirmative defenses, Defendant essentially denies the factual allegations in Plaintiff's Amended Complaint. (Dkt. 11 at 5.) Defendant asserts that Plaintiff does not "suffer a handicap" within the meaning of the FHA (second affirmative defense) and that Plaintiff failed to comply with the requirements of the FHA, including a proper request for an accommodation (first, third, and fifth affirmative defenses). (Dkt. 11 at 5.)

Plaintiff contends that these substantive denials are not proper affirmative defenses, do not provide sufficient notice of the factual basis for the assertions, and should therefore be stricken by the Court. (Dkt. 13 at 3–9.) In response, Defendant argues that each defense properly identifies a factual or legal dispute in this action. (Dkt. 21.) Although Plaintiff is correct that these affirmative defenses are, in substance, denials of Plaintiff's allegations, "the proper remedy is not to strike the defense but to treat it as a specific denial." *Traderplanet.com, LLC v. Found. for the Study of Cycles, Inc.*, No. 8:13-cv-3120-T-30TBM, 2014 WL 12620823, at *1 (M.D. Fla. May

22, 2014); *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-28-SPM-AK, 2010 WL 4736834, at *2 (N.D. Fla. Nov. 16, 2010). These defenses are not patently frivolous or insufficient as a matter of law. Moreover, these defenses do not cause prejudice to any party, particularly because they relate to specific and fundamental facts underlying Plaintiff's claim. As such, Plaintiff's motion to strike Defendant's first, second, third, and fifth affirmative defenses is denied. *See Core Constr. Servs. Se., Inc. v. Crum & Forster Specialty Ins. Co.*, No. 6:14-cv-1790-ORL-31KRS, 2015 WL 12830486, at *1 (M.D. Fla. Mar. 16, 2015); *George v. Leading Edge Recovery Sols., LLC*, No. 8:13-cv-484-T-24-TBM, 2013 WL 3777034, at *1 (M.D. Fla. July 18, 2013).

With respect to Defendant's fourth affirmative defense relating to standing, Defendant voluntarily agrees to withdraw the defense without prejudice. (Dkt. 21 at 2.) Plaintiff's motion to strike the fourth affirmative defense is therefore denied as moot.

In its sixth affirmative defense, Defendant asserts that Defendant is not liable because Defendant acted through its Board of Directors and that the Board exercised its best business judgment. (Dkt. 11 at 5.) Defendant further contends that it is therefore insulated from liability due to the business judgment rule. (Dkt. 11 at 5.) Plaintiff asks the Court to strike this defense, arguing that the business judgment rule is inapplicable to this case, and further that Defendant failed to set forth a legitimate business consideration. (Dkt. 13.) Defendant contends that the business judgment rule applies to condominium association boards in the State of Florida, such as

Defendant, and that analysis of the applicability of the legal doctrine to the facts of this case is not appropriate at this stage of litigation.

The business judgment rule protects a housing association's board of directors when making reasonable business decisions and acting in good faith. *Garcia v. Crescent Plaza Condo. Ass'n, Inc.*, 813 So. 2d 975, 978 (Fla. Dist. Ct. App. 2002). However, the issue of whether the business judgment rule applies and to what extent is a "fact-intensive analysis" that is inappropriate for resolution on a motion on the pleadings. *Fed. Deposit Ins. Corp. as Receiver for Wakulla Bank v. Dodson*, No. 4:13-cv-416-MW-CAS, 2014 WL 11511068, at *4 n.6 (N.D. Fla. Feb. 27, 2014). Moreover, the affirmative defense properly places Plaintiff on notice of factual and legal issues relating to the business judgment rule that may be litigated in this action. Striking the defense may impede Defendant's ability to defend against Plaintiff's claims. Additionally, Plaintiff has not demonstrated any prejudice. As such, Plaintiff's motion to dismiss the sixth affirmative defense is denied.

Plaintiff also seeks to strike Defendant's catch-all phrase at the close of its Answer, which reads: "This Defendant reserves the right to assert additional affirmative defenses as they become known." (Dkt. 11 at 5.) Plaintiff contends that "the time to plead affirmative defenses is at the time an answer is filed" and that in the event Defendant seeks to assert additional defenses, it must seek leave of Court. (Dkt. 13 at 9–10.) Therefore, Plaintiff asks the Court to strike the reservation of rights from Defendant's Answer. (Dkt. 13 at 10.)

The Federal Rules of Civil Procedure set forth the mechanisms by which a party may amend its pleadings, including an answer. *See Centex Homes v. Mr. Stucco, Inc.*, No. 8:07-cv-365-T-27MSS, 2008 WL 793587, at *2 (M.D. Fla. Mar. 25, 2008) ("Both parties should be aware that if either party seeks to assert additional claims or defenses the party must comply with the Federal Rules of Civil Procedure and this Court's scheduling order."). Thus, although Defendant's reservation is superfluous, striking the clause does not provide any strategic or material benefit to Plaintiff. *Burnetti v. Westchester Fire Ins. Co.*, No. 8:18-cv-482-T-23JSS, 2018 WL 7253073, at *3 (M.D. Fla. May 24, 2018) ("Nevertheless, although a reservation of rights is essentially meaningless, many courts find a motion to strike the reservation to be unnecessary and wasteful."); *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-cv-890-ORL-40KRS, 2017 WL 8813072, at *2 (M.D. Fla. Dec. 8, 2017) ("[S]triking a reservation of rights clause really does nothing from the standpoint of Plaintiff's rights or strategic position, and thus, it is not necessary to strike the reservations of rights.") (internal punctuation and citation omitted). As such, in its discretion, the Court declines to strike the reservation clause. *See United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477, at *3 (M.D. Fla. July 24, 2019) ("Nevertheless, the Court disagrees that the reservation of rights should be stricken."); *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39-PDB, 2014 WL 2527162, at *1 (M.D. Fla. May 6, 2014) ("Accordingly, a party's reservation of a right to amend its affirmative defenses is a purposeless carryover from pre-rule practice. But likewise purposeless is

striking a reservation-of-rights paragraph; accordingly, the Court declines to do so here.").

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 13) is **DENIED** with respect to Defendant's first, second, third, fifth, and sixth affirmative defenses and the reservation of rights clause.

2. Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 13) is **DENIED as moot** with respect to Defendant's fourth affirmative defense, as Defendant voluntarily agreed to withdraw the defense.

**DONE** and **ORDERED** in Tampa, Florida, on November 6, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record